[No. 8520.]

## DEWEY ET AL. V. SAFFER.

1. PLEADINGS—*Certainty.* Action to declare a bill of sale of chattels, held by defendant, a chattel mortgage for securing moneys owing by defendant to plaintiff. The complaint averred that the bill of sale was assigned and delivered by defendant to plaintiff, and that "it was understood," that it was to operate as a chattel mortgage to secure the demand of plaintiff. By whom it was so understood, or how the understanding was arrived at, was not shown. Neither was it made to appear that defendant was still the owner of, or in possession of, the chattels. *Held* that no cause of action was shown. (600.)

2. MORTGAGE—*Equitable—Evidence to establish,* must be clear, certain and satisfactory. The evidence examined, and *held* that plaintiff had wholly failed to establish his case. (601.)

*Error to Garfield District Court.* Hon. JOHN T. SHUMATE, Judge.

Mr. C. W. DARROW, Mr. JOHN L. NOONAN, for plaintiffs in error.

Mr. JOHN E. ETHELL, for defendant in error.

BAILEY, J., delivered the opinion of the court.

On May 13th, 1914, Andrew Saffer, plaintiff below and defendant in error here, began suit against J. C. Dewey, one of the plaintiffs in error, alleging in substance that on November 25th, 1912, Dewey executed to Saffer his promissory note for $500.00, due in three months, with interest at eight per cent per annum, such interest having been paid to May 25th, 1914; that on such 25th day of November, Dewey purchased of one Eugene Blowers certain livery stock for $1,500.00, evidenced by bill of sale from Blowers to Dewey; that to secure payment to the plaintiff of the $500.00 note, the bill of sale from Blowers to Dewey for the livery stock described therein was forthwith assigned and delivered by the latter to Saffer; that it was understood that

the bill of sale in the hands of Saffer was to operate only as a chattel mortgage lien on the property therein described, to secure the payment of the indebtedness; that if Dewey should pay the indebtedness at the time and in the manner agreed upon in the note, then the bill of sale should be null and void. The prayer was that the bill of sale be adjudged a chattel mortgage, and a first lien upon the property for the amount of the debt and interest, and for costs. The defendant Dewey interposed a general demurrer to the complaint, which was on August 27th, 1914, overruled, to which order objection was made and exception reserved.

We think the complaint fails to state facts sufficient to entitle plaintiff to the relief sought, and which by the decree of court was given. It will be observed that this suit was brought some eighteen months after the alleged assignment of the bill of sale in question. There is no averment in the complaint that at the time of the commencement of the suit Dewey owned the property described in the bill of sale. In order to impress this bill of sale as an equitable mortgage upon the property, if it could be done at all, it is clear that an averment of ownership in Dewey at that time was an absolute essential to make the complaint sufficient. And in order to warrant a decree such as was sought in this case the averments should have been direct, positive and certain that Dewey undertook and agreed that the bill of sale so assigned should constitute a lien on the property, and that the property was in fact pledged as security for the payment of the debt. No such definite and certain averments are made. Upon this point the most that is alleged is that it was understood that the bill of sale in the hands of Saffer was to operate only as a chattel mortgage lien on the property therein described. Understood by whom, between whom? How understood? It is clear that there is no such direct, definite and certain allegations that Dewey had so agreed as to warrant relief of the character sought.

But if by any stretch of the imagination this complaint could be held sufficient, the proofs of the plaintiff utterly fail to show that the minds of the parties ever met upon the proposition.  Saffer testified that he asked Dewey for a chattel mortgage, and Dewey declined to give it; and he further testified that he asked Dewey for an assignment in writing of the bill of sale in question, and Dewey failed and declined to make any such assignment.  His testimony further shows that he himself picked up the bill of sale and told Dewey that he would hold it as security for the payment of the note in question.  That Dewey consented to this is only to be inferred by its permitting Saffer to take the bill of sale away.  There is nothing in this testimony to support or warrant the conclusion that Dewey ever at any time undertook or agreed that the bill of sale, if such a thing were possible under any state of facts, should constitute in the hands of Saffer an equitable mortgage upon the personal property described therein.  To establish the fact of an equitable mortgage the proof must be clear, certain and satisfactory upon every point necessary to consummate such a result.  It is by no means clear or certain from the testimony that Dewey intended to give Saffer a lien on the livery outfit, as security; the proof falls far short of being satisfactory, convincing or conclusive on this point.  It rather tends to show or indicate that there was no such agreement or undertaking.  Saffer in this action is either entitled to a decree establishing a lien upon the property in question, or to no relief whatever.  He sues for this specifically, and that is what the court gave him.  He seeks no money judgment; indeed, at the time this suit was brought the note was not due.  In *Baird v. Baird*, 48 Colo. 506, at page 509, 111 Pac. 79, the court, in speaking of the character of proof required to establish an equitable mortgage, had this to say:

"But it should be observed that, to establish this fact,

the proof must be clear, certain, satisfactory, unequivocal, trustworthy, convincing and, some cases say, conclusive; in short, as stated in some former decisions of this court, the case must be made out with that fulness and precision which is essential to a conviction in a criminal case—beyond a reasonable doubt." Accepting the testimony in support of plaintiff's case as true in its entirety, it is wholly insufficient to establish his right to have an equitable lien impressed upon the property in question. This disposition of the case renders it unnecessary to discuss the rights of Hess under his intervention petition.

The judgment is reversed and the cause remanded, with directions to dismiss the complaint.

*Judgment reversed.*

GABBERT, C. J., and WHITE, J., concur.